20PSCV00396

Electronically FILED by Superior Court of California, County of Los Angeles on 06/17/2020 03:26 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Gonzalez,Deputy Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**RECEIVED**
**U.S. ATTORNEY CIVIL DOCKETS**
JUL 2020

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ADDITIONAL PARTIES ATTACHMENT FORM IS ATTACHED

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SUKHDEV VASISHT, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles County Superior Court - Pomona Courthouse South 400 Civic Center Plaza, Pomona, CA 91766 | CASE NUMBER: *(Número del Caso):* **20PSCV00396** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Aldo A. Flores, Flores Law, APLC * 12616 Central Avenue, Chino, CA 91710 * (909) 591-6336 / (213) 477-2008

| DATE: *(Fecha)* **06/17/2020** | Sherri R. Carter Executive Officer / Clerk of Court, Clerk, by *(Secretario)* **J. Gonzalez** | Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**4**                                    **EXHIBIT 1**

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| SUKHDEV VASISHT v. HANMI BANK, et al. | 20PSCV00396 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

HANMI BANK, a California corporation; RAJINDER ADLAKHA, an individual; REENA SONI ADLAKHA, an individual and trustee of the PINEWOOD IRREVOCABLE TRUST DATED APRIL 7, 2018; ANDREW CHONG, an individual; SMALL BUSINESS ADMINISTRATION, an agency of the United States government;  and DOES 1-100, inclusive,

Page   1   of   1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

5

**EXHIBIT 1**

20PSCV00396

Assigned for all purposes to: Pomona Courthouse South, Judicial Officer: Gloria White-Brown

Electronically FILED by Superior Court of California, County of Los Angeles on 06/17/2020 03:26 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Gonzalez,Deputy Clerk

1   ALDO A. FLORES, ESQ. (SBN 224239)
    FLORES LAW, APLC
2   12616 Central Avenue
    Chino, California 91710
3   Telephone:   (909) 591-6336
    Facsimile:    (213) 477-2008
4
    Attorney for Plaintiff
5   SUKHDEV VASISHT

6

7

8              LOS ANGELES SUPERIOR COURT, STATE OF CALIFORNIA

9                 COUNTY OF LOS ANGELES—EAST DISTRICT

10

11  SUKHDEV VASISHT, an individual,          CASE NO.

12            Plaintiff,                      COMPLAINT FOR:

13      vs.                                   1.   **FRAUD—Concealment**
                                             2.   **FRAUD—Intentional Misrepresentation**
14  HANMI BANK, a California                      **of Fact**
    corporation; RAJINDER ADLAKHA,          3.   **NEGLIGENT**
15  an individual; REENA SONI                    **MISREPRESENTATION**
    ADLAKHA, an individual and trustee      4.   **BREACH OF CONTRACT**
16  of the PINEWOOD IRREVOCABLE             5.   **TORTIOUS BREACH OF**
    TRUST DATED APRIL 7, 2018;                   **CONTRACT**
17  ANDREW CHONG, an individual;            6.   **BREACH OF THE IMPLIED**
    SMALL BUSINESS                               **COVENANT OF GOOD FAITH AND**
18  ADMINISTRATION, an agency of the             **FAIR DEALING**
    United States government;  and DOES     7.   **UNFAIR COMPETITION (Business**
19  1-100, inclusive,                            **and Professions Code §17200)**
                                             8.   **CIVIL CONSPIRACY**
20            Defendants.                     9.   **DECLARATORY RELIEF**
                                             10.  **NEGLIGENCE**
21                                           11.  **BREACH OF FIDUCIARY DUTY**
                                             12.  **CONVERSION**
22

23          COMES NOW the Plaintiff, SUKHDEV VASISHT, who requests a trial by jury,

24  and hereby alleges as follows:

25                         **GENERAL ALLEGATIONS**

26          1.      At all times mentioned herein, Plaintiff SUKHDEV VASISHT ("Plaintiff")

27  was, and now is, an individual residing and doing business in the County of San

28

                         COMPLAINT FOR DAMAGES
**EXHIBIT 1**

1   Bernardino, State of California, and County of Los Angeles, State of California.

2       2.    Plaintiff is informed and believes and based thereon alleges that Defendant
3   HANMI BANK is, and at all times mentioned in this complaint, was a corporation duly
4   organized and existing under the laws of the state of California. Defendant HANMI
5   BANK is a company doing business in and throughout the State of California and in the
6   County of Los Angeles.

7       3.    Plaintiff is informed and believes and based thereon alleges that Defendant
8   RAJINDER ADLAKHA is an individual residing in and doing business in the County of
9   San Bernardino, State of California and in the County of Los Angeles, State of California.

10       4.    Plaintiff is informed and believes and based thereon alleges that Defendant
11   REENA SONI ADLAKHA, is an individual residing in and doing business in the County
12   of San Bernardino, State of California and in the County of Los Angeles, State of
13   California.

14       5.    Plaintiff is informed and believes and based thereon alleges that Defendant
15   REENA SONI ADLAKHA, is the Trustee of the PINEWOOD IRREVOCABLE TRUST
16   DATED APRIL 7, 2018, a private trust existing under the laws of the state of California,
17   and doing business in the County of San Bernardino, State of California, and in the
18   County of Los Angeles, State of California.

19       6.    Defendant ANDREW CHONG, is an individual doing business in the
20   County of Los Angeles, State of California.

21       7.    Plaintiff is informed and believes and based thereon alleges that Defendant
22   SMALL BUSINESS ADMINISTRATION ("Defendant SBA") is an agency of the United
23   States government and doing business in the state of California and in the County of Los
24   Angeles, State of California.

25       8.    Plaintiff is informed and believes and based there on alleges that at all times
26   relevant here in Defendants Does 1 through 20 were the agents and employees of a
27   Defendant HANMI BANK and in doing all of the things here in after mentioned, were
28   acting within the scope of their authority and employment. As such, agents and

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1**

1    employees, and with the permission and consensus of Defendant HANMI BANK.

2        9.    Plaintiff is informed and believes and based thereon alleges that at all times

3    relevant herein relevant Does 21 through 30 were agents and employees of Defendant

4    RAJINDER ADLAKHA and in doing all of the things here and after mentioned, were

5    acting within the scope of their authority and employment as such agents and employees,

6    and with their permission and consent of Defendant RAJINDER ADLAKHA.

7        10.    Plaintiff is informed and believes and based thereon alleges that at all times

8    relevant herein relevant Does 31 through 40 were agents and employees of Defendant

9    REENA SONI ADLAKHA and in doing all of the things here and after mentioned, were

10   acting within the scope of their authority and employment as such agents and employees,

11   and with their permission and consent of Defendant REENA SONI ADLAKHA.

12       11.    The true names and capacities of the defendants sued herein as Does 1

13   through 100 are presently unknown to Plaintiff, and therefore said defendants are sued in

14   their fictitious capacity.  Each of the defendants sued herein as a Doe defendant is

15   responsible in some way for the damages alleged herein, and when the true identities are

16   ascertained and the facts which evidence these responsibilities are discovered, Plaintiff

17   shall amend this complaint to set forth those identities and facts. Hereinafter, all of the

18   defendants named herein shall be collectively referred to as "defendants."

19       12.    Each of the defendants were the agent, joint venture, employee, alter ego,

20   co-conspirator or partner of each of the remaining defendants, and in doing the things

21   alleged herein, each was acting within the course and scope of such relationship.

22       **JURISDICTION**

23       13.    The court in which the instant action is filed is the proper court and venue

24   for the instant action under the provisions of Code of Civil Procedure §395, in that the

25   agreements at issue were made and entered into in Los Angeles County, and Plaintiff's

26   injuries and damages as alleged herein occurred in Los Angeles County.

27       14.    In addition, in California there are five potential counties of proper venue

28   for contract actions against a corporation: (1) where the contract is made; (2) where the

3

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1**

1   contract is to be performed; (3) where the obligation or liability arises; (4) where the

2   breach occurs; (5) where the principal place of business of such corporation is situated.  In

3   the case before this Court, the agreements at issue between Plaintiff and the named

4   defendants were entered into by Plaintiff in the County of Los Angeles, and were

5   breached in said county.  Thus, the action before this court is filed in the proper court and

6   venue.

7                              **GENERAL ALLEGATIONS**

8          15.    **Negotiations for the Purchase of the Subject Property and Pronto**

9   **Laundry.**

10          Plaintiff is an individual who was an acquaintance of Defendant RAJINDER

11   ADLAKHA.  Sometime in 2019, Defendant RAJINDER ADLAKHA approached

12   Plaintiff and began to talk to the latter about the possibility of selling a commercial

13   property and a the business located thereon, which were owned by Defendant RAJINDER

14   ADLAKHA to Plaintiff.  Defendant RAJINDER ADLAKHA explained that he was the

15   owner of said commercial property on which he owned and operated a laundromat and

16   check cashing business, and that a 7-Eleven franchisee was a tenant of the other unit at the

17   property.  Defendant RAJINDER ADLAKHA also conveyed that he was the operator and

18   day-to-day manager of the laundromat and check cashing business.

19          16.    Defendant RAJINDER ADLAKHA further represented to Plaintiff that the

20   laundromat and check cashing business had a strong cashflow and showed a 2017

21   financial statement to Plaintiff showing the business's revenue.  In addition, Defendant

22   RAJINDER ADLAKHA represented to Plaintiff that the property collected $6,000.00 in

23   monthly rent from the 7-Eleven tenant and that a ten percent increase would take effect on

24   January 1, 2020.  Said defendant also represented that the laundromat and check cashing

25   business paid $5,000.00 in monthly rent to said defendant.  Finally, said defendant

26   represented that the business generated $142,000.00 in net profits per year, as per a 2017

27   profit and loss statement provided by said defendant to Plaintiff.  In reliance on this

28   information, Plaintiff decided to begin negotiating the purchase of the property and

4

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1**

1  business. In turn, Plaintiff explained to Defendant RAJINDER ADLAKHA that he was

2  interested in purchasing the real property and laundromat and check cashing business, but

3  did not have sufficient liquidity to make such a purchase.

4      17.    In response, Defendant RAJINDER ADLAKHA explained to Plaintiff that

5  the sale of the commercial property would qualify for a Small Business Administration-

6  backed purchase money loan, and that said defendant would be willing to carry a

7  promissory note on any leftover amount that the SBA loan would not cover. As Plaintiff

8  showed interest, Defendant RAJINDER ADLAKHA then introduced Plaintiff to an agent,

9  DAVID OAK, to serve as a dual agent in the property and business sale. Mr. OAK then

10  prepared an agency agreement, and then scheduled Defendant RAJINDER ADLAKHA a

11  meeting with Defendant ANDREW CHONG, a manager working for Defendant HANMI

12  BANK.

13      18.    **Plaintiff's SBA Loan Application through Defendant HANMI BANK.**

14      At the direction of Defendant ANDREW CHONG, Plaintiff submitted a loan

15  application to Defendant SMALL BUSINESS ADMINISTRATION ("Defendant SBA"),

16  an autonomous United States government agency established to bolster and promote the

17  economy in general by providing assistance to small businesses. One of the largest

18  functions of the SBA is the provision of counseling to aid individuals trying to start and

19  grow businesses. As part of its functions, Defendant SBA guarantees loans made by

20  private banks to individuals who need financial assistance to establish or operate small

21  businesses. Thus, SBA loans are made through banks, credit unions and other lenders

22  who partner with Defendant SBA, who provides a government-backed guarantee on part

23  of the loan.

24      19.    Around this time, Mr. OAK prepared the sales agreements for the property

25  and business in which Plaintiff was listed as the buyer and Defendant RAJINDER

26  ADLAKHA as the seller.

27  ///

28  ///

1     20.   **Plaintiff's Agreement to Purchase the Subject Property and Pronto**

2   **Laundry and Check Cashing.**

3          Plaintiff agreed to purchase the commercial property and business from Defendant

4   RAJINDER ADLAKHA.  The commercial property was located at 731 South Euclid

5   Avenue, Ontario, California 91762 (hereafter the "Subject Property").  Plaintiff agreed to

6   purchase the Subject Property and the business known as "Pronto Laundry and Check

7   Cashing" (hereafter "Pronto Laundry") located at one of the two units of the property.  A

8   7-Eleven franchisee operates a 7-Eleven convenience store on the other unit, which

9   attracted Plaintiff's interest in the purchase.

10         21.   Around late May or June 2019, Defendant ANDREW CHONG advised

11  Plaintiff that "everything was looking good" in regard to the SBA loan application.

12         22.   Plaintiff and Defendant RAJINDER ADLAKHA then negotiated the sale

13  price of the Subject Property for the sale price of $1,990,000.00, and Pronto Laundry for

14  the sale price of $350,000.00.  As part of the purchase agreement for Pronto Laundry,

15  Plaintiff and Defendant RAJINDER ADLAKHA agreed that said defendant would

16  continue to operate and manage the Subject Property and Pronto Laundry until Plaintiff

17  was able to take over.  The agreement also included a component under which Defendant

18  RAJINDER ADLAKHA's agreed that he, as seller, would be responsible for paying the

19  mortgage payments on Plaintiff's SBA loan, and pay for all overhead costs of Pronto

20  Laundry until Plaintiff was able to assume operation and management of the Subject

21  Property and the business.  (See **Exhibit A**, a copy of the Commercial Property Purchase

22  Agreement; see **Exhibit B**, a copy of the Business Purchase Agreement, both incorporated

23  herein by reference.)

24         23.   Around this time, in or about late August or early September 2019, Plaintiff

25  received a letter of initial approval from Defendant HANMI BANK and a letter of intent

26  from Defendant SBA.

27         24.   In reliance on the representations made to him, Plaintiff then executed the

28  purchase agreement presented to him by Mr. OAK.  An escrow account was opened and

1  Defendant HANMI BANK ordered property and business appraisals.  Defendant

2  ANDREW CHONG was the manager for Defendant HANMI BANK who was directing

3  and overseeing the loan process.

4      25.    Defendant HANMI BANK' Letter of Intent to Plaintiff contained certain

5  conditions, one of which was the requirement that a real estate loan applicant's business

6  must occupy at least 51% of the property being purchased within one year of funding.

7      26.    An escrow account was then opened and Plaintiff deposited three separate

8  checks:  an $80,000.00 check for the purchase of the property; a $5,000.00 for the

9  purchase of Pronto Laundry; and an $8,000.00 check to Defendant HANMI BANK for

10  escrow expenses.

11      27.    Defendant HANMI BANK then ordered an appraisal report for the

12  property, and two weeks later received the report on or about September 4, 2019.

13      28.    After requesting a copy of the appraisal report multiple times from

14  Defendant HANMI BANK, Plaintiff was finally provided a copy in November 2019.  The

15  report stated that the property did not qualify for the SBA loan, as Pronto Laundry

16  occupied less than 51% of the property.  As Plaintiff's decision to purchase the Subject

17  Property was specifically based on the representations made to him that the Subject

18  Property was eligible for the SBA loan program, Plaintiff confronted Defendant

19  ANDREW CHONG and brought this finding to Defendant HANMI BANK's and

20  Defendant ANDREW CHONG's attentions.  Furthermore, by way of this appraisal report,

21  and other escrow documents, Plaintiff discovered that Defendant REENA SONI

22  ADLAKHA, is the Trustee of the PINEWOOD IRREVOCABLE TRUST DATED

23  APRIL 7, 2018 was the actual owner of the Subject Property, and thus in contravention of

24  what Defendant RAJINDER ADLAKHA's prior representations to Plaintiff.  None of the

25  defendants has advised Plaintiff of this even though escrow was opened in Plaintiff's and

26  Defendant RAJINDER ADLAKHA's names.

27      29.    In response, Defendant ANDREW CHONG represented to Plaintiff that the

28  finding in the appraisal report was incorrect and the correct square footage was referenced

1   in the lease agreement between the 7-Eleven tenant and the property owner and attached

2   to the appraisal report, and thus Plaintiff's loan satisfied the requirements for an SBA loan

3   as had been represented to him.

4       30.    In turn, Defendant ANDREW CHONG represented to Plaintiff that a

5   separate Site Inspection Report had since been completed and confirmed that the Subject

6   Property qualified for the SBA loan. But for the representations made to him that the

7   Subject Property qualified for the SBA loan program, and the reassurances that it was,

8   Plaintiff would not have purchased the Subject Property or business. It bears noting that

9   the Subject Property appraisal report was initially completed in September 2019, but not

10  delivered to Plaintiff until November 2019. In addition, the Site Inspection Report was

11  prepared two weeks after the Subject Property appraisal report was completed, but not

12  delivered to Plaintiff until late December 2020. Lastly, as the defendants never provided a

13  copy of the business appraisal report to him, Plaintiff relied on the 2017 financial report of

14  Pronto Laundry that was given to him by Defendant RAJINDER ADLAKHA.

15      31.    Around the end of November or early December 2019, Defendant

16  ANDREW CHONG then explained to Plaintiff that as part of Defendant HANMI

17  BANK's due diligence procedures, the bank had received and reviewed an environmental

18  report, a business appraisal report and financial statements provided by the seller, which

19  showed that Pronto Laundry made $108,000.00 in commissions in 2017 from its check

20  chasing component of the business. In turn, Plaintiff requested copies of these records

21  and Defendant ANDREW CHONG denied his request, stating that Plaintiff was not

22  entitled to those records. Defendant ANDREW CHONG also advised Plaintiff that

23  Plaintiff's SBA loan had been approved.

24      32.    On November 22, 2019, Plaintiff received a letter of conditional

25  commitment stating that his loan had been approved. Plaintiff then contacted Defendant

26  ANDREW CHONG to relay the information and Mr. Chong assured Plaintiff that all the

27  conditions were satisfied and, in turn, Plaintiff should proceed with the loan signing

28  process.

8

**COMPLAINT FOR DAMAGES**

EXHIBIT 1

33.     Defendant RAJINDER ADLAKHA, Defendant ANDREW CHONG and David Oak began to pressure and rush Plaintiff to perform all the necessary acts to consummate the purchase, as said defendants expressed to him that because of the end of the year holiday season, the closing date could only occur on a few available dates in December, and if the new year came before closing occurred, Plaintiff's loan approval would be canceled and he would have to reapply for a loan, and in effect, begin the process anew.

34.     At this point, as Plaintiff still had not received corrected appraisal reports, nor the licenses, permits and money service business account necessary to operate the check cashing component of Pronto Laundry, Defendant ANDREW CHONG and Defendant RAJINDER ADLAKHA, in his own capacity and as an agent of Defendant REENA SONI ADLAKHA, implored Plaintiff on multiple occasions, to trust them with the process and that everything would be in place, but that it was crucial for closing to take place as soon as possible.  In addition, during these discussions, Defendant ANDREW CHONG represented to Plaintiff that Defendant HANMI BANK would not dare submit a false appraisal to Defendant SBA.

35.     Defendant ANDREW CHONG and Defendant RAJINDER ADLAKHA, in his own capacity and as an agent of Defendant REENA SONI ADLAKHA, further explained that they did not want the loan to fall through and that Defendant HANMI BANK had performed its due diligence in appraising the Subject Property and the business, as well reassuring Plaintiff that all the missing documents would be provided to him at or near the time of loan closing.

36.     **The Loan Closing Date and Reassurances by Defendants.**

On December 30, 2019, a Sunday and the day of loan signing, Mr. OAK presented a new offer agreement to Plaintiff in which Defendant REENA SONI was the actual owner of the Subject Property and business, as REENA SONI ADLAKHA, a trustee of an irrevocable trust, owner of the Subject Property and business.

37.     Defendant RAJINDER ADLAKHA and Defendant REENA SONI

9

**COMPLAINT FOR DAMAGES**
**14**                                                    **EXHIBIT 1**

1   ADLAKHA assured him that all the terms of Plaintiff's agreement with Defendant

2   RAJINDER ADLAKHA in regard to operating and managing the property and business

3   (which included an acceptance by said defendants to continue paying all business

4   overhead, keeping the check cashing rotation money in place, as well as the assumption of

5   SBA loan payments by the seller until Plaintiff's was able to take control, and in

6   exchange, said defendants would keep all net profits during this period) were incorporated

7   into the business purchase agreement between Plaintiff and Defendant REENA SONI

8   ADLAKHA. Based on such assurances and representations, Plaintiff permitted signed

9   loan documents and permitted escrow to close.

10         38.      To further assuage Plaintiff's concerns, Mr. OAK and Defendant

11   RAJINDER ADLAKHA, in his own capacity and as an agent of Defendant REENA

12   SONI ADLAKHA, assured Plaintiff and confirmed their agreement that that they would

13   assist him with procuring said licenses, permits, and money service business account.

14   Defendant RAJINDER ADLAKHA also assured that he would continue to manage and

15   operate the laundromat and check cashing business until Plaintiff was able to assume

16   operations and management upon obtaining said licenses, permits and money services

17   account—as well as provide training to Plaintiff on running the business. Mr. OAK

18   represented that he would draft and prepare supplemental contract documents to further

19   memorialize these terms.

20         39.      In reliance on these representations and assurance, Plaintiff deposited a

21   down payment, and his loan funded on the last day of the year.

22         40.      Escrow closed on January, 15, 2020, and at this point, Plaintiff began the

23   application process of acquiring all the licenses, permits and money services business

24   account after closing of the escrow. Mr. OAK presented the supplemental contract

25   documents to Defendant REENA SONI ADLAKHA and Defendant RAJINDER

26   ADLAKHA, who ignored and did not sign them.

27   ///

28         41.      **Defendant RAJINDER ADLAKHA and REENA SONI ADLAKHA**

10

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1**

1   **Make Partial Mortgage Payments, Continue Operating Pronto Laundry and then**
2   **Abandon the Business.**

3       During this time, Defendant REENA SONI ADLAKHA paid Plaintiff's mortgage
4   payments, and Defendant RAJINDER ADLAKHA assisted Plaintiff with applying for the
5   money services business account.

6       42.    Around this time, Plaintiff requested the updated the financial statement for
7   Pronto Laundry, as well as a written confirmation that Defendant RAJINDER
8   ADLAKHA would continue assisting Plaintiff and would continue operating and
9   managing the business for Plaintiff, and train him, until Plaintiff was able to operate the
10   business on his own.

11       43.    Plaintiff also requested certain documents from Defendant REENA SONI
12   ADLAKHA and Defendant RAJINDER ADLAKHA that Defendant HANMI BANK had
13   requested from Plaintiff.

14       44.    On March 1, 2020, Defendant RAJINDER ADLAKHA communicated to
15   Plaintiff that on March 15, 2020, said defendant was going to withdraw the rotation
16   money from the check cashing business.  This was a set amount of money necessary to be
17   available for the business to cash checks for customers.  Plaintiff objected and advised
18   that the rotation money was to remain in the business until Plaintiff obtained his own
19   money services business account.  On March 31, 2020, one of Plaintiff's employees
20   advised Plaintiff that the rotation money had been withdrawn.  During this time, Plaintiff
21   contacted David Oak and relayed information while seeking assistance with getting
22   Defendant RAJINDER ADLAKHA and Defendant REENA SONI ADLAKHA to
23   cooperate and perform their duties.

24       45.    In March and April 2020, Defendant REENA SONI ADLAKHA failed to
25   pay the mortgage payments on Plaintiff's SBA loan in contravention of their agreement.

26       46.    Defendant RAJINDER ADLAKHA and Defendant REENA SONI
27   ADLAKHA ignored Plaintiff's objection and requests for assistance.

28       47.    On March 30, 2020, Plaintiff received a message from a Pronto Laundry

1   employee in which the employee advised that Defendant RAJINDER ADLAKHA had

2   abandoned the business and thus Plaintiff now had to assume control. In response,

3   Plaintiff communicated to Defendant RAJINDER ADLAKHA that Plaintiff had not yet

4   obtained his MSB account and could not operate the check cashing component of Pronto

5   Laundry without Defendant RAJINDER ADLAKHA. Again, Defendant RAJINDER

6   ADLAKHA ignored Plaintiff's requests for assistance. All of these events occurred

7   before the business changeover took place.

8          48.   **The Changeover Date and Final Inspection.**

9          During the April 10, 2020 changeover and final inspection, in presence of a

10  Coldwell Alliance manager and Mr. OAK, Plaintiff assumed possession of the Subject

11  Property and Pronto Laundry, and conducted a final walkthrough. Defendant RAJINDER

12  ADLAKHA and Defendant REENA SONI ADLAKHA were not present. At this point,

13  Plaintiff discovered roof damage, plumbing, electrical and structural damages that had not

14  been disclosed to him previously. The electrical damage at the Subject Property presents

15  a hazardous condition to Plaintiff, his employees and patrons. Plaintiff also discovered

16  that the rent increase from the 7-Eleven tenant would not take effect until March 2021 in

17  contravention of Defendant RAJINDER ADLAKHA's and Defendant REENA SONI

18  ADLAKHA's representations that the rent increase would take effect in January 2020.

19         49.   Plaintiff then contacted his 7-Eleven tenant to begin receiving common area

20  maintenance charges and property tax payments from said tenant. The tenant conveyed to

21  Plaintiff that since said tenant occupied 54.55% of the Subject Property, its corresponding

22  share of common area maintenance charges should be apportioned in accordance with that

23  percentage. The tenant also provided to Plaintiff a copy of the actual true lease between

24  said tenant and the previous landlord, Defendant RAJINDER ADLAKHA, showing that

25  the tenants was occupying 2400 square feet of the total space.

26         50.   Moreover, the information provided to him by the 7-Eleven tenant was in

27  contravention of the facts provide to Plaintiff by Defendant RAJINDER ADLAKHA,

28  Defendant REENA SONI ADLAKHA and Defendant ANDREW CHONG, facts that

12

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1**

1    were represented to Plaintiff prior to loan funding and closing of escrow.

2         51.    **Plaintiff Incurred Damages as a Result of Purchasing the Subject**

3    **Property and Pronto Laundry.**

4         Based on these facts, Plaintiff now owns a commercial property in substandard

5    condition and that is not eligible for a future SBA loan by a future potential buyer. The

6    actual fair market value of the Subject Property is lower than the estimated value Plaintiff

7    believed it commanded at the time he negotiated for and agreed to the purchase price of

8    $1,990,000.00. For, the Subject Property is not marketable as a property eligible for an

9    SBA loan. Again, Plaintiff relied on this supposed eligibility when he decided to purchase

10   the property and business. The fair market value and marketability of the Subject

11   Property are materially impaired, all to Plaintiff's detriment.

12        52.    Moreover, Plaintiff's loan is subject to voidance or cancellation by

13   Defendant SBA as the Subject Property does not conform to said defendant's loan

14   eligibility requirements, despite representations to the contrary by Defendant RAJINDER

15   ADLAKHA, Defendant REENA SONI ADLAKHA and Defendant ANDREW CHONG

16   to Defendant SBA and Plaintiff.

17        53.    Defendant RAJINDER ADLAKHA and Defendant REENA SONI

18   ADLAKHA have also failed to perform in accordance with other aspects of the sale

19   agreement, as said defendants have not paid all SBA mortgage payments and overhead

20   costs as they had agreed to. Said defendants made the mortgage payment for January

21   2020, made a partial payment for February 2020, and have not made a payment since,

22   even though Plaintiff did not assume control of operations and management of the

23   property and Pronto Laundry until April 10, 2020. Thus, Defendant RAJINDER

24   ADLAKHA and Defendant REENA SONI ADLAKHA owe a sum no less than

25   $30,150.14, which includes SBA loan payments, utilities, insurance premium payments,

26   employee salaries and property taxes.

27        54.    As an additional injury, after assuming possession of the Subject Property

28   and Pronto Laundry, Plaintiff discovered that Pronto Laundry generates a fraction of the

13

**COMPLAINT FOR DAMAGES**
**18**                                              **EXHIBIT 1**

1    revenues stated in the 2017 financial statement provided to him by Defendant RAJINDER

2    ADLAKHA, which Plaintiff relied upon to make the purchase of the property and

3    business.

4       55.     Plaintiff is informed and believes and thereon alleges that the 2017 financial

5    statement was false, as it contained misleading and inaccurate information relating to

6    Pronto Laundry's revenues, assets, and overhead costs. Plaintiff purchased a business

7    with value much lower, costs much higher, and with depreciated assets—all contrary to

8    what Defendant RAJINDER ADLAKHA affirmatively represented to Plaintiff in writing

9    and orally.

10      56.     Similarly, Plaintiff is informed and believes and thereon alleges that prior to

11    the close of escrow, Defendant RAJINDER ADLAKHA presented to Defendant HANMI

12    BANK a forged lease agreement under which 7-Eleven was named as a tenant who was

13    occupying less than 51% of the Subject Property.

14      57.     Plaintiff has since obtained the true lease agreement that shows 7-Eleven is

15    actually occupying 54.55% of the Subject Property, and paying a lesser amount in rent

16    than was represented to Plaintiff in the false lease agreement, again, all to Plaintiff's

17    detriment.

18      58.     Plaintiff has since discovered that the check cashing component of Pronto

19    Laundry was actually a separate business owned by a corporate entity entitled, "Adlakha

20    and Adlakha, Inc." rather than Defendant RAJINDER ADLAKHA or Defendant REENA

21    SONI ADLAKHA.

22      59.     **The Debt-Service Coverage Ratio of the Subject Property and Pronto**

23    **Laundry Does Not Conform to SBA Requirements.**

24       Plaintiff's SBA loan at issue is an 7(a) SBA loan. The SBA's 7(a) Loan Guarantee

25    Program was designed to help entrepreneurs start or expand their small businesses by

26    making capital available to small businesses through bank and non-bank lending

27    institutions. Defendant SBA loans require a Debt-Service Coverage Ratio ("DSCR") of

28    1.15 or greater. This ratio shows how much cash is available to pay off a given loan. A

<div align="center">14</div>

<div align="right">**EXHIBIT 1**</div>

1  DSCR is calculated by dividing a business's total earnings before interest, taxes,

2  depreciation and amortization by the annual principal and interest payments on all

3  business loans, including the proposed new loan. DSCR is one of the most important

4  factors lenders look at when approving a loan. Again, Defendant SBA requires borrowers

5  to have a DSCR over 1.15 for SBA 7(a) loans over $350,000.

6       60.    Here, the revenues generated by the Subject Property and Pronto Laundry

7  are insufficient to satisfy a DSCR of 1.15. This is contrary to the representations and

8  claims made by Defendant RAJINDER ADLAKHA and Defendant REENA SONI

9  ADLAKHA, which Plaintiff relied upon (such as his reliance on the aforementioned 2017

10  financial statement of Pronto Laundry) when he decided to purchase the property and

11  business. Plaintiff is informed and believes and thereon alleges that Defendant

12  ANDREW CHONG and Defendant HANMI BANK were aware of these facts, and

13  conspired with Defendant RAJINDER ADLAKHA and Defendant REENA SONI

14  ADLAKHA to mislead Plaintiff to induce him to purchase the property and business.

15       61.    As a result, Plaintiff now owns a commercial property and business that are

16  further ineligible for an SBA 7(a) loan by a future buyer, which therefore materially

17  impairs the value of those assets, and further exposes Plaintiff to have his loan rescinded

18  by Defendant SBA, all to Plaintiff's damage.

19       62.    Moreover, as part of the loan agreement with Defendant SBA, Defendant

20  HANMI BANK secured the loan by way of a deed of trust on Plaintiff's personal

21  residence and a security interest in Plaintiff's life insurance policy. In effect, Plaintiff

22  stands to lose his home in the event of a default as result of not being able to service the

23  SBA loan with the diminished revenues generated by the Subject Property and Pronto

24  Laundry. And, if Plaintiff were to die, is life insurance proceeds would be taken by

25  Defendant HANMI BANK in the event of a default on said loan.

26       63.    **Summary of Misrepresentations and Suppressions of Fact.**

27       As alleged above, the defendants have misrepresented to (or concealed) the

28  following facts:

(1)     that Pronto Laundry occupied less than 51% of the Subject Property, but caused Plaintiff to believe that the business occupied at least 51% of the square footage of the property, and thus the Subject Property qualified for an SBA loan;

(2)     that the property is not qualified for such loan—despite having received the SBA loan—and that potential future buyers will not be eligible for such an SBA loan should Plaintiff elect to sell the property in the future;

(3)     that the revenues generated by the Subject Property and Pronto Laundry are insufficient to satisfy a DSCR of 1.15 as required by Defendant SBA;

(4)     that Defendant RAJINDER ADLAKHA and Defendant REENA SONI ADLAKHA had always intended abandon Pronto Laundry before Plaintiff was able to assume business operations;

(6)     that Defendant RAJINDER ADLAKHA and Defendant REENA SONI ADLAKHA were not going to continue paying all business overhead, keeping the check cashing rotation money in place, as well as the assumption of SBA loan payments by the seller until Plaintiff's was able to take control;

(7)     the existence of substantial roof damage, plumbing, electrical and structural damage on the Subject Property;

(8)     that the rent increase from the 7-Eleven tenant would not take effect until March 2021;

(9)     that a business appraisal report was not furnished to Plaintiff prior to closing of the loan despite the terms of Plaintiff's SBA loan application that require that an appraisal report be furnished at least 3 days prior to loan closing, but said the report was provided to Plaintiff only after the closing of escrow;

(10)    that the 2017 financial statement for Pronto Laundry contained false and inaccurate earnings by Pronto Laundry, and omitted other material information relating to business operations and revenue collections;

(11)    that Plaintiff never actually purchased the check cashing component of Pronto Laundry, as this is an actual separate business and the actual owner is Adlakha and

16

1   Adlakha, Inc.;

2        (12)   that the actual square footage occupied by Pronto Laundry is 308 square feet

3   less than the 2244 square feet that was represented to Plaintiff;

4        (13)   certain business expenses of Pronto Laundry were hidden from Plaintiff,

5   while revenues were overstated;

6        64.    The above misrepresentations and suppressions of fact were all to

7   Plaintiff's damage and is continuing every day.  In June 2020, and prior to the filing of

8   this action, the seller, Defendant REENA SONI ADLAKHA, as trustee of the

9   PINEWOOD IRREVOCABLE TRUST DATED APRIL 7, 2018, refused to attend

10  mediation despite Plaintiff's requests to said defendant to attend mediation per the

11  provisions of the agreements at issue.  As such, this action ensued.

12                    **FIRST CAUSE OF ACTION**

13                    **FRAUD—Concealment**

14                       **Count 1**

15  **(Against Defendants HANMI BANK, RAJINDER ADLAKHA, REENA SONI**

16  **ADLAKHA, as trustee of the PINEWOOD IRREVOCABLE TRUST DATED**

17    **APRIL 7, 2018, ANDREW CHONG and DOES 1-100, inclusive)**

18        64.    Plaintiff refers to the whole of the General Allegations above, and by

19  reference incorporates the same herein as if set forth in full hereat.

20        65.    At all times mentioned herein, Defendants HANMI BANK, RAJINDER

21  ADLAKHA, REENA SONI ADLAKHA, ANDREW CHONG, and Does 1 through 100,

22  inclusive, and each of them, (referred to hereafter in this cause of action was

23  "Defendants") represented to Plaintiff that the Subject Property qualified for the type of

24  SBA loan that Plaintiff eventually obtained and by which he purchased the property.

25  Specifically, to qualify for the SBA loan, at least 51% of the property had to be occupied

26  by the borrower.

27        66.    Defendants concealed the following facts from Plaintiff:

28        (1)    that Pronto Laundry occupied less than 51% of the Subject Property, but

17

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1**

1  caused Plaintiff to believe that the business occupied at least 51% of the square footage of

2  the property, and thus the Subject Property qualified for an SBA loan;

3       (2)  that the Subject Property is not qualified for such loan—despite having

4  received the SBA loan—and that potential future buyers will not be eligible for such an

5  SBA loan should Plaintiff elect to sell the property in the future;

6       (3)  that the revenues generated by the Subject Property and Pronto Laundry are

7  insufficient to satisfy a DSCR of 1.15 as required by Defendant SBA; and

8       (4)  information in a business appraisal report that was not furnished to Plaintiff

9  prior to closing of the loan despite the terms of Plaintiff's SBA loan application that

10 require that an appraisal report be furnished at least 3 days prior to loan closing, but said

11 the report was provided to Plaintiff only after the closing of escrow;

12      67.  The above-described facts were unknown to Plaintiff prior to his taking

13 possession. Moreover, the information provided to him by the 7-Eleven tenant was in

14 contravention of the facts provide to Plaintiff by Defendants, facts that were represented

15 to Plaintiff prior to loan funding and closing of escrow.

16      68.  As a result of the acts of said defendants, Plaintiff now owns a commercial

17 property in substandard condition and that is not eligible for a future SBA loan by a future

18 potential buyer. The actual fair market value of the Subject Property is lower than the

19 estimated value Plaintiff believed it commanded at the time he negotiated for and agreed

20 to the purchase price of $1,990,000.00. For, the Subject Property is not marketable as a

21 property eligible for an SBA loan. Again, Plaintiff relied on this supposed eligibility

22 when he decided to purchase the property and business. The fair market value and

23 marketability of the Subject Property are materially impaired, all to Plaintiff's detriment.

24      69.  Moreover, Plaintiff's loan is subject to voidance or cancellation by

25 Defendant SBA as the Subject Property does not conform to said defendant's loan

26 eligibility requirements, despite representations to the contrary by Defendants to Plaintiff.

27      70.  Plaintiff is informed and believes and on thereon alleges that the property is

28 not qualified for such loan—despite having received the SBA loan—and that potential

1    future buyers will not be eligible for such an SBA loan should Plaintiff elect to sell the
2    property in the future.

3        71.    In addition, the revenues generated by the Subject Property and Pronto
4    Laundry are insufficient to satisfy a DSCR of 1.15.  This is contrary to the representations
5    and claims made by Defendants prior to Plaintiff's purchase of the property and business.
6    Plaintiff is informed and believes and thereon alleges that Defendant ANDREW CHONG
7    and Defendant HANMI BANK were aware of these facts, and conspired with Defendant
8    RAJINDER ADLAKHA and Defendant REENA SONI ADLAKHA to mislead Plaintiff
9    to induce him to purchase the property and business.

10       72.    As a result, Plaintiff now owns a commercial property and business that are
11   further ineligible for an SBA 7(a) loan by a future buyer, which therefore materially
12   impairs the value of those assets, and further exposes Plaintiff to have his loan rescinded
13   by Defendant SBA, all to Plaintiff's damage.

14       73.    Moreover, as part of the loan agreement with Defendant SBA, Defendant
15   HANMI BANK secured the loan by way of a deed of trust on Plaintiff's personal
16   residence and a security interest in Plaintiff's life insurance policy.  In effect, Plaintiff
17   stands to lose his home in the event of a default as result of not being able to service the
18   SBA loan with the diminished revenues generated by the Subject Property and Pronto
19   Laundry.  And, if Plaintiff were to die, is life insurance proceeds would be taken by
20   Defendant HANMI BANK in the event of a default on said loan.

21       74.    Plaintiff was not aware of the concealed facts at the time of the purchase.

22       75.    Each of the concealed facts were material in that they were essential to the
23   analysis undertaken by Plaintiff and Plaintiff would not have acted in the ways he did
24   were it not for said Defendants' representations and claims.

25       76.    At the time said Defendants concealed the above-mentioned facts, they
26   knew that the facts were material to Plaintiff's decision-making processes in that, had
27   Plaintiff known the concealed facts, he would not have acted in the way he did.

28       77.    Said Defendants concealed the true facts because of their knowledge that,

19

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1**

1    were Plaintiff to know them, Plaintiff would not have purchased the Subject Property.

2        78.    Based upon said Defendants' representations in regard to the Subject

3    Property and their alleged personal knowledge as to the property's eligibility for an SBA

4    loan, and the position of trust that they occupied, Plaintiff's lack of knowledge regarding

5    the concealed facts was justifiable.

6        79.    As a direct and proximate result of said Defendants' malfeasance,

7    misconduct and misrepresentations, Plaintiff suffered damages in an approximate amount

8    to be determined at trial according to proof.

9        80.    The aforementioned conduct of said Defendants was an intentional

10   misrepresentation, deceit, and concealment of material facts known to said Defendants

11   with intent to deprive Plaintiff of property or legal rights or otherwise causing injury.

12       81.    Also, such acts as described herein is despicable conduct that subjected

13   Plaintiff to cruel and unjust hardship, and Defendants engaged in such conduct in

14   conscious disregard of Plaintiff's rights so as to justify an award of exemplary and

15   punitive damages, pursuant to California Civil Code section 3294, appropriate to punish

16   said Defendants and to deter others from engaging in similar conduct.

17                              **FRAUD—Concealment**

18                                   **Count 2**

19       **(Against Defendants RAJINDER ADLAKHA, REENA SONI ADLAKHA as**

20      **trustee of the PINEWOOD  IRREVOCABLE TRUST DATED APRIL 7, 2018**

21                            **and DOES 1-100, inclusive)**

22       82.    Plaintiff refers to the whole of the General Allegations above, and by

23   reference incorporates the same herein as if set forth in full hereat.

24       83.    At all times mentioned herein, Defendants RAJINDER ADLAKHA,

25   REENA SONI ADLAKHA, and Does 1 through 100, inclusive, and each of them,

26   (referred to hereafter in this cause of action was "Defendants") concealed the following

27   facts from Plaintiff:

28       (1)   that Defendant RAJINDER ADLAKHA and Defendant REENA SONI

                                         20

                              **COMPLAINT FOR DAMAGES**
**EXHIBIT 1**

1 | ADLAKHA had always intended to abandon Pronto Laundry before Plaintiff was able to
2 | assume business operations;

3 |     (2)    that Defendant RAJINDER ADLAKHA and Defendant REENA SONI
4 | ADLAKHA were not going to continue paying all business overhead, keeping the check
5 | cashing rotation money in place, as well as the assumption of SBA loan payments by the
6 | seller until Plaintiff's was able to take control;

7 |     (3)    the existence of substantial roof damage, plumbing, electrical and structural
8 | damage on the Subject Property;

9 |     (4)    that the rent increase from the 7-Eleven tenant would not take effect until
10 | March 2021;

11 |     (5)    that the 2017 financial statement for Pronto Laundry contained false and
12 | inaccurate earnings by Pronto Laundry, and omitted other material information relating to
13 | business operations and revenue collections;

14 |     (6)    that Plaintiff never actually purchased the check cashing component of
15 | Pronto Laundry, as this is an actual separate business and the actual owner is Adlakha and
16 | Adlakha, Inc.;

17 |     (7)    that the actual square footage occupied by Pronto Laundry is 308 square feet
18 | less than the 2244 square feet that was represented to Plaintiff;

19 |     (8)    certain business expenses of Pronto Laundry were hidden from Plaintiff,
20 | while revenues were overstated;

21 |     84.    The above-described facts were unknown to Plaintiff prior to his taking
22 | possession. Moreover, the information provided to him by the 7-Eleven tenant was in
23 | contravention of the facts provide to Plaintiff by Defendants, facts that were represented
24 | to Plaintiff prior to loan funding and closing of escrow. Plaintiff was not aware of the
25 | concealed facts at the time of the purchase.

26 |     85.    Each of the concealed facts were material in that they were essential to the
27 | analysis undertaken by Plaintiff and Plaintiff would not have acted in the ways he did
28 | were it not for said Defendants' representations.

21

**COMPLAINT FOR DAMAGES**
**26**                                    **EXHIBIT 1**

86.     At the time said Defendants concealed the above-mentioned facts, they knew that the facts were material to Plaintiff's decision-making processes in that, had Plaintiff known the concealed facts, he would not have acted in the way he did.

87.     Said Defendants concealed the true facts because of their knowledge that, were Plaintiff to know them, Plaintiff would not have purchased Pronto Laundry.

88.     Based upon said Defendants' representations in regard to Pronto Laundry and their alleged personal knowledge thereof as owners, and the position of trust that they occupied, Plaintiff's lack of knowledge regarding the concealed facts was justifiable.

89.     As a direct and proximate result of said Defendants' malfeasance, misconduct and misrepresentations, Plaintiff suffered damages in an approximate amount to be determined at trial according to proof.

90.     The aforementioned conduct of said Defendants was an intentional misrepresentation, deceit, and concealment of material facts known to said Defendants with intent to deprive Plaintiff of property or legal rights or otherwise causing injury.

91.     Also, such acts as described herein is despicable conduct that subjected Plaintiff to cruel and unjust hardship, and Defendants engaged in such conduct in conscious disregard of Plaintiff's rights so as to justify an award of exemplary and punitive damages, pursuant to California Civil Code section 3294, appropriate to punish said Defendants and to deter others from engaging in similar conduct.

## SECOND CAUSE OF ACTION

### FRAUD—Intentional Misrepresentation of Fact

### Count 1

**(Against Defendants HANMI BANK, RAJINDER ADLAKHA, REENA SONI ADLAKHA as trustee of the PINEWOOD IRREVOCABLE TRUST DATED APRIL 7, 2018, ANDREW CHONG and DOES 1-100, inclusive)**

92.     Plaintiff refers to the whole of the General Allegations above, and by reference incorporates the same herein as if set forth in full hereat.

93.     At all times mentioned herein, Defendants HANMI BANK, RAJINDER

22

1    ADLAKHA, REENA SONI ADLAKHA, ANDREW CHONG, and Does 1 through 100,

2    inclusive, and each of them, (referred to hereafter in this cause of action was

3    "Defendants") made the following misrepresentations of fact to Plaintiff:

4         (1)     that Pronto Laundry occupied at least 51% of the square footage of the

5    property, and thus the Subject Property qualified for an SBA loan;

6         (2)     that the property qualified for an SBA loan, and that potential future buyers

7    would be eligible for such an SBA loan should Plaintiff elect to sell the property in the

8    future;

9         (3)     that the revenues generated by the Subject Property and Pronto Laundry

10   were sufficient to satisfy a DSCR of 1.15 as required by Defendant SBA;

11        (4)     false and inaccurate earnings by Pronto Laundry, and omitted other material

12   information relating to business operations and revenue collections, in a 2017 financial

13   statement for Pronto Laundry;

14        (5)     that Plaintiff would purchase the check cashing component of

15   Pronto Laundry, which later turned out was actually a separate business owned by

16   Adlakha and Adlakha, Inc.;

17        (6)     false and inaccurate statements regarding the actual square footage occupied

18   by Pronto Laundry, which in actuality is 308 square feet less than the 2244 square feet

19   that was represented to Plaintiff; and

20        (7)     reporting certain business expenses of Pronto Laundry that in actuality are

21   higher than what was reported, while revenues were overstated.

22        94.     Said Defendants' representations were in fact false.

23        95.     Each of the Defendants' representations were material misrepresentations in

24   that they were essential to the analysis undertaken by Plaintiff and Plaintiff would not

25   have acted in the way he did were it not for Defendants' representations.

26        96.     At the time Defendants made the above-mentioned misrepresentations, they

27   knew them to be false.

28        97.     At the time Defendants made the above-mentioned misrepresentations, they

23

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1**

1    intended for Plaintiff to rely on them, as Defendants' intent was always to induce Plaintiff

2    into purchasing the Subject Property and Pronto Laundry.

3         98.    Based upon Defendants' representations that they were experienced

4    business owners and/or professionals, and the position of trust that they occupied,

5    Plaintiff's reliance on the representations above was justifiable.

6         99.    As a direct and proximate result of said Defendants' malfeasance,

7    misconduct and misrepresentations, Plaintiff suffered damages in the amount to be

8    determined at trial according to proof.

9         100.    The aforementioned conduct of Defendants was an intentional

10   misrepresentation, deceit, and concealment of material facts known to said Defendants

11   with intent to deprive Plaintiff of property or legal rights or otherwise causing injury.

12   Also, such acts as described herein is despicable conduct that subjected Plaintiff to cruel

13   and unjust hardship, and Defendants engaged in such conduct with conscious disregard of

14   Plaintiff's rights so as to justify an award of exemplary and punitive damages, pursuant to

15   California Civil Code section 3294, appropriate to punish said Defendants and to deter

16   others from engaging in similar conduct.

17           **FRAUD—Intentional Misrepresentation of Fact**

18                **Count 2**

19      **(Against Defendants RAJINDER ADLAKHA, REENA SONI ADLAKHA, as**

20   **trustee of the PINEWOOD IRREVOCABLE TRUST DATED APRIL 7, 2018,**

21          **and DOES 1-100, inclusive)**

22        101.    Plaintiff refers to the whole of the General Allegations above, and by

23   reference incorporates the same herein as if set forth in full hereat.

24        102.    At all times mentioned herein, Defendant RAJINDER ADLAKHA,

25   Defendant REENA SONI ADLAKHA, and Does 1 through 100, inclusive, and each of

26   them, (referred to hereafter in this cause of action was "Defendants") made the following

27   misrepresentations of fact to Plaintiff:

28        (1)    that Pronto Laundry occupied at least 51% of the square footage of the

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1**

1    property, and thus the Subject Property qualified for an SBA loan;

2    (2)    that the property qualified for an SBA loan, and that potential future buyers

3    would be eligible for such an SBA loan should Plaintiff elect to sell the property in the

4    future;

5    (3)    that the revenues generated by the Subject Property and Pronto Laundry

6    were sufficient to satisfy a DSCR of 1.15 as required by Defendant SBA;

7    (4)    false and inaccurate earnings by Pronto Laundry, and omitted other material

8    information relating to business operations and revenue collections, in a 2017 financial

9    statement for Pronto Laundry;

10    (5)    that Plaintiff would purchase the check cashing component of

11    Pronto Laundry, which later turned out was actually a separate business owned by

12    Adlakha and Adlakha, Inc.;

13    (6)    false and inaccurate statements regarding the actual square footage occupied

14    by Pronto Laundry, which in actuality is 308 square feet less than the 2244 square feet

15    that was represented to Plaintiff; and

16    (7)    reporting certain business expenses of Pronto Laundry that in actuality are

17    higher than what was reported, while revenues were overstated.

18    103.    Said Defendants' representations were in fact false.

19    104.    Each of the Defendants' representations were material misrepresentations in

20    that they were essential to the analysis undertaken by Plaintiff and Plaintiff would not

21    have acted in the way he did were it not for Defendants' representations.

22    105.    At the time Defendants made the above-mentioned misrepresentations, they

23    knew them to be false.

24    106.    At the time Defendants made the above-mentioned misrepresentations, they

25    intended for Plaintiff to rely on them, as Defendants' intent was always to induce Plaintiff

26    into purchasing the Subject Property.

27    107.    Based upon Defendants' representations that they were experienced

28    business owners and/or professionals, and the position of trust that they occupied,

25

1    Plaintiff's reliance on the representations above was justifiable.

2      108.   As a direct and proximate result of said Defendants' malfeasance,

3    misconduct and misrepresentations, Plaintiff suffered damages in the amount to be

4    determined at trial according to proof.

5      109.   The aforementioned conduct of Defendants was an intentional

6    misrepresentation, deceit, and concealment of material facts known to said Defendants

7    with intent to deprive Plaintiff of property or legal rights or otherwise causing injury.

8    Also, such acts as described herein is despicable conduct that subjected Plaintiff to cruel

9    and unjust hardship, and Defendants engaged in such conduct with conscious disregard of

10    Plaintiff's rights so as to justify an award of exemplary and punitive damages, pursuant to

11    California Civil Code section 3294, appropriate to punish said Defendants and to deter

12    others from engaging in similar conduct.

<div align="center">

**THIRD CAUSE OF ACTION**

**NEGLIGENT MISREPRESENTATION**

**Count 1**

**(Against Defendants HANMI BANK, RAJINDER ADLAKHA, REENA SONI**

**ADLAKHA, as trustee of the PINEWOOD IRREVOCABLE TRUST DATED**

**APRIL 7, 2018, ANDREW CHONG and DOES 1-100, inclusive)**

</div>

19      110.   Plaintiff refers to the whole of the General Allegations above, and by

20    reference incorporates the same herein as if set forth in full hereat.

21      111.   At all times mentioned herein, Defendants HANMI BANK, RAJINDER

22    ADLAKHA, REENA SONI ADLAKHA, ANDREW CHONG, and Does 1 through 100,

23    inclusive, and each of them, (referred to hereafter in this cause of action was

24    "Defendants") made the following misrepresentations of fact to Plaintiff:

25      (1)     that Pronto Laundry occupied at least 51% of the square footage of the

26    property, and thus the Subject Property qualified for an SBA loan;

27      (2)     that the property qualified for an SBA loan, and that potential future buyers

28    would be eligible for such an SBA loan should Plaintiff elect to sell the property in the

<div align="center">

26

**COMPLAINT FOR DAMAGES**

**31**              **EXHIBIT 1**

</div>

1   future;

2       (3)    that the revenues generated by the Subject Property and Pronto Laundry

3   were sufficient to satisfy a DSCR of 1.15 as required by Defendant SBA;

4       (4)    false and inaccurate earnings by Pronto Laundry, and omitted other material

5   information relating to business operations and revenue collections, in a 2017 financial

6   statement for Pronto Laundry;

7       (5)    that Plaintiff would purchase the check cashing component of

8   Pronto Laundry, which later turned out was actually a separate business owned by

9   Adlakha and Adlakha, Inc.;

10      (6)    false and inaccurate statements regarding the actual square footage occupied

11  by Pronto Laundry, which in actuality is 308 square feet less than the 2244 square feet

12  that was represented to Plaintiff; and

13      (7)    reporting certain business expenses of Pronto Laundry that in actuality are

14  higher than what was reported, while revenues were overstated.

15      112.    Said Defendants' representations were in fact false.

16      113.    Each of said Defendants' representations were material misrepresentations

17  in that they were essential to the analysis undertaken by Plaintiff and Plaintiff would not

18  have acted in the way he did were it not for said Defendants' representations.

19      114.    At the time Defendants made the above-mentioned misrepresentations, they

20  did so without any reasonable ground for believing them to be true.

21      115.    At the time Defendants made the above-mentioned misrepresentations, they

22  intended for Plaintiff to rely on them, as Defendants' intent was always to induce Plaintiff

23  into purchasing the Subject Property.

24      116.    Based upon Defendants' representations that they were experienced

25  business owners and/or professionals, and the position of trust that they occupied,

26  Plaintiff's reliance on the representations above was justifiable.

27      117.    As a direct and proximate result of said Defendants' malfeasance,

28  misconduct and misrepresentations, Plaintiff suffered damages in the amount to be

**COMPLAINT FOR DAMAGES**
    **EXHIBIT 1**

1 determined at trial according to proof.

2      118.   The aforementioned conduct of Defendants was grossly negligent, wanton,

3 and utterly reckless misrepresentation, deceit, and concealment of material facts known to

4 said Defendants with intent to deprive Plaintiff of property or legal rights or otherwise

5 causing injury.  Also, such acts as described herein is despicable conduct that subjected

6 Plaintiff to cruel and unjust hardship, and Defendants engaged in such conduct with

7 conscious disregard of Plaintiff's rights so as to justify an award of exemplary and

8 punitive damages, pursuant to California Civil Code section 3294, appropriate to punish

9 said Defendants and to deter others from engaging in similar conduct.

10 ///

11 <center>**NEGLIGENT MISREPRESENTATION**</center>

12 <center>**Count 2**</center>

13 <center>**(Against Defendants RAJINDER ADLAKHA, REENA SONI ADLAKHA as**</center>

14 <center>**trustee of the PINEWOOD IRREVOCABLE TRUST DATED APRIL 7, 2018**</center>

15 <center>**and DOES 1-100, inclusive)**</center>

16      119.   Plaintiff refers to the whole of the General Allegations above, and by

17 reference incorporates the same herein as if set forth in full hereat.

18      120.   At all times mentioned herein, Defendant RAJINDER ADLAKHA,

19 Defendant REENA SONI ADLAKHA, and Does 1 through 100, inclusive, and each of

20 them, (referred to hereafter in this cause of action was "Defendants") made the following

21 misrepresentations of fact to Plaintiff:

22      (1)   that Defendant RAJINDER ADLAKHA and Defendant REENA SONI

23 ADLAKHA were going to continue paying all business overhead, keeping the check

24 cashing rotation money in place, as well as the assumption of SBA loan payments by the

25 seller until Plaintiff's was able to take control;

26      (3)   that the rent increase from the 7-Eleven tenant would take effect in January

27 2020;

28      (4)   reporting to Plaintiff, by way of a 2017 financial statement for Pronto

<center>28</center>

<center>**COMPLAINT FOR DAMAGES**</center>
<center>**33**           **EXHIBIT 1**</center>

1  Laundry, false and inaccurate earnings by Pronto Laundry, and other material

2  misinformation relating to business operations and revenue collections;

3      (6)      that the check cashing component of Pronto Laundry was part of said

4  business, whereas this is an actual separate business whose actual owner is Adlakha and

5  Adlakha, Inc.;

6      (7)      that the actual square footage occupied by Pronto Laundry;

7      (8)      understating certain business expenses of Pronto Laundry, while revenues

8  were overstated;

9      121.   Said Defendants' representations were in fact false.

10      122.   Each of the Defendants' representations were material misrepresentations in

11  that they were essential to the analysis undertaken by Plaintiff and Plaintiff would not

12  have acted in the way he did were it not for Defendants' representations.

13      123.   At the time Defendants made the above-mentioned misrepresentations, they

14  did not have any reasonable basis to believe they were true.

15      124.   At the time Defendants made the above-mentioned misrepresentations, they

16  intended for Plaintiff to rely on them, as Defendants' intent was always to induce Plaintiff

17  into purchasing Pronto Laundry.

18      125.   Based upon Defendants' representations that they were experienced

19  business owners, and the position of trust that they occupied, Plaintiff's reliance on the

20  representations above was justifiable.

21      126.   As a direct and proximate result of said Defendants' malfeasance,

22  misconduct and misrepresentations, Plaintiff suffered damages in the amount to be

23  determined at trial according to proof.

24      127.   The aforementioned conduct of Defendants was a grossly negligent and

25  utterly reckless misrepresentation, deceit, and concealment of material facts known to said

26  Defendants with intent to deprive Plaintiff of property or legal rights or otherwise causing

27  injury. Also, such acts as described herein is despicable conduct that subjected Plaintiff to

28  cruel and unjust hardship, and Defendants engaged in such conduct with conscious

29

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1**

1  disregard of Plaintiff's rights so as to justify an award of exemplary and punitive

2  damages, pursuant to California Civil Code section 3294, appropriate to punish said

3  Defendants and to deter others from engaging in similar conduct.

4  **FOURTH CAUSE OF ACTION**

5  **BREACH OF CONTRACT**

6  **Count 1**

7  **(Against Defendants HANMI BANK, RAJINDER ADLAKHA, REENA SONI**

8  **ADLAKHA as trustee of the PINEWOOD IRREVOCABLE TRUST DATED**

9  **APRIL 7, 2018, and DOES 1-100, inclusive)**

10  128.  Plaintiff refers to the whole of the General Allegations above, and by

11  reference incorporates the same herein as if set forth in full hereat.

12  129.  By way of written agreements entered into by Plaintiff and Defendants

13  HANMI BANK, RAJINDER ADLAKHA, REENA SONI ADLAKHA as trustee of the

14  PINEWOOD IRREVOCABLE TRUST DATED APRIL 7, 2018, and DOES 1-100,

15  inclusive (hereafter referred to in this Count 1 of this cause of action as "Defendants"),

16  and/or each of them, said defendants, as sellers or lender, agreed to sell Plaintiff a

17  commercial real property that, in fact, qualified for the type of SBA loan that Plaintiff

18  obtained and by which he purchased said property.

19  130.  However, after the purchase, Plaintiff discovered that the property is not

20  qualified for such a loan, despite having obtained such a loan, and therefore will not be

21  able to sell the property in the future to any potential buyer as a commercial property

22  eligible for such an SBA loan.

23  131.  Plaintiff now owns a commercial property in substandard condition and that

24  is not eligible for a future SBA loan by a future potential buyer.  The actual fair market

25  value of the Subject Property is lower than the estimated value Plaintiff believed it

26  commanded at the time he negotiated for and agreed to the purchase price of

27  $1,990,000.00.  For, the Subject Property is not marketable as a property eligible for the

28  type of SBA loan he obtained.  Again, Plaintiff relied on this supposed eligibility when he

30

1    decided to purchase the property and business.  The fair market value and marketability of

2    the Subject Property are materially impaired, all to Plaintiff's detriment.

3         132.   Moreover, Plaintiff's loan is subject to voidance or cancellation by

4    Defendant SBA as the Subject Property does not conform to said defendant's loan

5    eligibility requirements, despite representations to the contrary by Defendant RAJINDER

6    ADLAKHA, Defendant REENA SONI ADLAKHA and Defendant ANDREW CHONG

7    to Defendant SBA and Plaintiff.

8         133.   In addition, the revenues generated by the Subject Property and Pronto

9    Laundry are insufficient to satisfy a DSCR of 1.15.  This is contrary to the representations

10   and claims made by Defendants prior to Plaintiff's purchase of the property and business.

11   Plaintiff is informed and believes and thereon alleges that Defendant ANDREW CHONG

12   and Defendant HANMI BANK were aware of these facts, and conspired with Defendant

13   RAJINDER ADLAKHA and Defendant REENA SONI ADLAKHA to mislead Plaintiff

14   to induce him to purchase the property and business.

15        134.   As a result, Plaintiff now owns a commercial property and business that are

16   further ineligible for an SBA 7(a) loan by a future buyer, which therefore materially

17   impairs the value of those assets, and further exposes Plaintiff to have his loan rescinded

18   by Defendant SBA, all to Plaintiff's damage.

19        135.   Moreover, as part of the loan agreement with Defendant SBA, Defendant

20   HANMI BANK secured the loan by way of a deed of trust on Plaintiff's personal

21   residence and a security interest in Plaintiff's life insurance policy.  In effect, Plaintiff

22   stands to lose his home in the event of a default as result of not being able to service the

23   SBA loan with the diminished revenues generated by the Subject Property and Pronto

24   Laundry.  And, if Plaintiff were to die, is life insurance proceeds would be taken by

25   Defendant HANMI BANK in the event of a default on said loan.

26        136.   Plaintiff has performed all conditions, covenants and promises under the

27   agreement(s) required on his part, except those conditions, covenants and promises which

28   were excused as a result of the actions of Defendants, and/or each of them.

1     137.   Defendants Defendant RAJINDER ADLAKHA, Defendant REENA SONI

2  ADLAKHA and Defendant HANMI BANK, and/or each of them, breached the

3  agreements as said defendants by selling a commercial property that is ineligible for the

4  type of SBA loan that Plaintiff obtained.

5     138.   As a result of said breaches, Plaintiff has suffered and will continue to suffer

6  general and consequential damages in an amount according to proof, including but not

7  limited to, attorney's fees and costs and other time and money spent as a result of said

8  defendants' breaches.

9     139.   Plaintiff is also entitled to prejudgment and post-judgment interest on the

10  amounts owed, from the date of the breach until paid.  Plaintiff is further entitled to

11  payment of its attorney's fees pursuant to the Agreement.

12                   **BREACH OF CONTRACT**

13                       **<u>Count 2</u>**

14  **(Against Defendants RAJINDER ADLAKHA, REENA SONI ADLAKHA as**

15  **trustee of the PINEWOOD IRREVOCABLE TRUST DATED APRIL 7, 2018,**

16                **and Does 1-100, inclusive)**

17     140.   Plaintiff refers to the whole of the General Allegations above, and by

18  reference incorporates the same herein as if set forth in full hereat.

19     141.   Defendants RAJINDER ADLAKHA, REENA SONI ADLAKHA and

20  DOES 1-100, inclusive (hereafter referred to in this Count 2 of this cause of action as

21  "Defendants") sold a business to Plaintiff that generates substantially less revenues than

22  what said defendants' represented.  Said defendants had also agreed to remain operating

23  Pronto Laundry until Plaintiff was able to assume business operations; and that they

24  would honor their agreement with Plaintiff to continue operating and managing the

25  property and business, which included an acceptance by said defendants to continue

26  paying all business overhead, keeping the check cashing rotation money in place, as well

27  as the assumption of SBA loan payments by the seller until Plaintiff's was able to take

28  control, and in exchange, said defendants would keep all net profits during this period.

**COMPLAINT FOR DAMAGES**
                   **EXHIBIT 1**

142. Plaintiff has performed all conditions, covenants and promises under his agreement with Defendants RAJINDER SONI ADLAKHA, REENA SONI ADLAKHA required on Plaintiff's part, except those conditions, covenants and promises which were excused as a result of the actions of said defendants.

143. Said defendants breached their agreement, as described above, and which resulted in damages to Plaintiff.

144. As a result of said breaches, Plaintiff has suffered and will continue to suffer general and consequential damages in an amount according to proof, including but now limited to, attorney's fees and costs and other time and money spent as a result of said defendants' breaches.

145. Plaintiff is also entitled to prejudgment and post-judgment interest on the amounts owed, from the date of the breach until paid. Plaintiff is further entitled to payment of its attorney's fees pursuant to its agreement with Defendants RAJINDER SONI ADLAKHA, REENA SONI ADLAKHA.

### FIFTH CAUSE OF ACTION

### TORTIOUS BREACH OF CONTRACT

### Count 1

**(Against Defendants HANMI BANK, RAJINDER ADLAKHA, REENA SONI ADLAKHA as trustee of the PINEWOOD IRREVOCABLE TRUST DATED and Does 1-100, inclusive)**

146. Plaintiff refers to the whole of the General Allegations above, and by reference incorporates the same herein as if set forth in full hereat.

147. By way of written agreements entered into by Plaintiff and Defendants HANMI BANK, RAJINDER ADLAKHA, REENA SONI ADLAKHA as trustee of the PINEWOOD IRREVOCABLE TRUST DATED APRIL 7, 2018, and DOES 1-100, inclusive, and/or each of them (hereafter referred to in this Count 1 of this cause of action as "Defendants"), said defendants, as sellers or lender, agreed to sell Plaintiff a commercial real property that, in fact, qualified for the type of SBA loan that Plaintiff

33

1   obtained and by which he purchased said property.

2       148.    However, after the purchase, Plaintiff discovered that the property is not

3   qualified for such a loan, despite having obtained such a loan, and therefore will not be

4   able to sell the property in the future to any potential buyer as a commercial property

5   eligible for such an SBA loan.

6       149.    Plaintiff now owns a commercial property in substandard condition and that

7   is not eligible for a future SBA loan by a future potential buyer. The actual fair market

8   value of the Subject Property is lower than the estimated value Plaintiff believed it

9   commanded at the time he negotiated for and agreed to the purchase price of

10  $1,990,000.00. For, the Subject Property is not marketable as a property eligible for the

11  type of SBA loan he obtained. Again, Plaintiff relied on this supposed eligibility when he

12  decided to purchase the property and business. The fair market value and marketability of

13  the Subject Property are materially impaired, all to Plaintiff's detriment.

14      150.    Plaintiff's loan is subject to voidance or cancellation by Defendant SBA as

15  the Subject Property does not conform to said defendant's loan eligibility requirements,

16  despite representations to the contrary by Defendant RAJINDER ADLAKHA, Defendant

17  REENA SONI ADLAKHA, Defendant ANDREW CHONG and Defendant HANMI

18  BANK to Defendant SBA and Plaintiff.

19      151.    In addition, the revenues generated by the Subject Property and Pronto

20  Laundry are insufficient to satisfy a DSCR of 1.15. This is contrary to the representations

21  and claims made by Defendants prior to Plaintiff's purchase of the property and business.

22  Plaintiff is informed and believes and thereon alleges that Defendant ANDREW CHONG

23  and Defendant HANMI BANK were aware of these facts, and conspired with Defendant

24  RAJINDER ADLAKHA and Defendant REENA SONI ADLAKHA to mislead Plaintiff

25  to induce him to purchase the property and business.

26      152.    As a result, Plaintiff now owns a commercial property and business that are

27  further ineligible for an SBA 7(a) loan by a future buyer, which therefore materially

28  impairs the value of those assets, and further exposes Plaintiff to have his loan rescinded

1   by Defendant SBA, all to Plaintiff's damage.

2          153.   And, as part of the loan agreement with Defendant SBA, Defendant

3   HANMI BANK secured the loan by way of a deed of trust on Plaintiff's personal

4   residence and a security interest in Plaintiff's life insurance policy. In effect, Plaintiff

5   stands to lose his home in the event of a default as result of not being able to service the

6   SBA loan with the diminished revenues generated by the Subject Property and Pronto

7   Laundry. And, if Plaintiff were to die, is life insurance proceeds would be taken by

8   Defendant HANMI BANK in the event of a default on said loan.

9          154.   The breach of the agreements entered into between Plaintiff and Defendants

10   by said defendants was tortious because the breach was accompanied by intentional

11   concealment of fact, recklessness, gross negligence, and utter disregard to Plaintiff's

12   rights, and constitute unfair business practices in violation of statute, all against the

13   interest of and harmful to Plaintiff.

14          155.   The means used to breach the agreements by Defendants involved

15   fraudulent, unlawful and reckless conduct and through Defendants' unfair business

16   practices.

17          156.   Defendants intentionally and/or recklessly breached the agreements.

18          157.   In breaching the agreements, Defendants knew or reasonably should have

19   known that such breach would cause sever and immitigable harm, hardship, damages, and

20   substantial consequential damages to Plaintiff.

21          158.   By reason of said defendants' tortious breach of contract, Plaintiff has been

22   and will continue to be damaged in an amount presently unknown to Plaintiff and cannot

23   be ascertained with any definiteness at this time other than set forth hereinabove. The

24   amount of Plaintiff's damages will be determined at trial according to proof.

25          159.   By reason of said defendants' conduct, and because such conduct was

26   willful, wanton and malicious, Plaintiff is entitled to exemplary and punitive damages

27   against Defendants, and/or each of them, in an amount sufficient to punish and deter said

28   defendants from engaging in such conduct in the future.

35

**COMPLAINT FOR DAMAGES**
**40**                                              **EXHIBIT 1**

# TORTIOUS BREACH OF CONTRACT

## Count 2

**(Against Defendants RAJINDER ADLAKHA, REENA SONI ADLAKHA as**

**trustee of the PINEWOOD IRREVOCABLE TRUST DATED APRIL 7, 2018**

**and DOES 1-100, inclusive)**

160.    Plaintiff refers to the whole of the General Allegations above, and by reference incorporates the same herein as if set forth in full hereat.

161.    Defendants RAJINDER SONI ADLAKHA, REENA SONI ADLAKHA, and Does 1 to 100, (collectively referred to in this Count 2 of this cause of action as "Defendants") and each of them, sold a business to Plaintiff that generates substantially less revenues than what said defendants' represented.  Said defendants had also agreed to remain operating Pronto Laundry until Plaintiff was able to assume business operations; and that they would honor their agreement with Plaintiff to continue operating and managing the property and business, which included an acceptance by said defendants to continue paying all business overhead, keeping the check cashing rotation money in place, as well as the assumption of SBA loan payments by the seller until Plaintiff's was able to take control, and in exchange, said defendants would keep all net profits during this period.

162.    The breaches of the agreement entered into between Plaintiff and Defendants was tortious because the breach was accompanied by intentional concealment of fact, recklessness, gross negligence, and utter disregard to Plaintiff's rights, and unfair business practices in violation of statute, all against the interest of and harmful to Plaintiff.

163.    The means used to breach the agreement by Defendants involved fraudulent, unlawful and reckless conduct and through Defendants' unfair business practices.

164.    Defendants intentionally and/or recklessly breached the Agreement.

165.    In breaching the Agreement, Defendants knew or reasonably should have known that such breach would cause sever and immitigable harm, hardship, damages, and substantial consequential damages to Plaintiff.

36

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1**

166.   By reason of said defendants' tortious breach of contract, Plaintiff has been and will continue to be damaged in an amount presently unknown to Plaintiff and cannot be ascertained with any definiteness at this time other than set forth hereinabove.  The amount of Plaintiff's damages will be determined at trial according to proof.

167.   By reason of said defendants' conduct, and because such conduct was willful, wanton and malicious, Plaintiff is entitled to exemplary and punitive damages against Defendants, and/or each of them, in an amount sufficient to punish and deter said defendants from engaging in such conduct in the future.

<div align="center">

**SIXTH CAUSE OF ACTION**

**BREACH OF THE IMPLIED COVENANT OF**

**GOOD FAITH AND FAIR DEALING**

**Count 1**

**(Against Defendants HANMI BANK, RAJINDER ADLAKHA, REENA SONI ADLAKHA as trustee of the PINEWOOD  IRREVOCABLE TRUST DATED APRIL 7, 2018,  and DOES 1-100, inclusive)**

</div>

168.   Plaintiff refers to the whole of the General Allegations above, and by reference incorporates the same herein as if set forth in full hereat.

169.   Implied in every contract is a covenant of good faith and fair dealing that neither party will engage in any act or omission that is intended or has the natural tendency to deprive the other party of the full benefits of its bargain.  This covenant is implied into the Agreement between Plaintiff and Defendants HANMI BANK, RAJINDER ADLAKHA, REENA SONI ADLAKHA as trustee of the PINEWOOD IRREVOCABLE TRUST DATED APRIL 7, 2018, and DOES 1-100, inclusive, and/or each of them (hereafter referred to in this Count 1 of this cause of action as "Defendants"), and/or each of them, and imposed upon a duty not to engage in acts or omissions that would frustrate the enjoyment of any of the rights and benefits owed or reasonably expected under the agreement.

170.   By virtue of the relationship between Plaintiff, on the one hand, and

<div align="center">

37

**COMPLAINT FOR DAMAGES**
</div>

**EXHIBIT 1**

1    Defendants, on the other hand, Plaintiff had placed trust and confidence in said defendants

2    to provide a commercial property eligible for an SBA loan, and thus marketable to

3    potential future buyers as such, and thus perform all the duties and obligations owed and

4    reasonably expected pursuant to the terms of the agreement, and to honor the implied

5    covenant to act in good faith and not to take any action which would unduly or

6    unreasonably impair or harm any rights or benefits owed or reasonably expected under the

7    agreement.

8        171.   Defendants breached the implied covenant of good faith and fair dealing and

9    denied Plaintiff the rights and benefits to which it is entitled or reasonably expected to

10    receive under the agreement by engaging in the aforementioned conduct.

11        172.   This failure to perform by Defendants interfered with and frustrated the

12    purpose of the agreement and prevented Plaintiff from receiving the benefits reasonably

13    expected under the agreement, and thus frustrated the enjoyment of the benefits and rights

14    conferred upon Plaintiff pursuant to the terms of the agreement.

15        173.   In the alternative, even if and to the extent that said defendants' conduct did

16    not constitute a breach of the express terms of the agreement, said defendants' conduct as

17    alleged herein has unfairly frustrated the agreed common purposes of the agreement and

18    has disappointed the reasonable expectations of Plaintiff of the benefits reasonably

19    expected under the agreement.

20        174.   As a proximate result of the breaches of the covenant of good faith and fair

21    dealing inherent in the agreement by Defendants, and/or each of them, Plaintiff has been

22    damaged in an amount that will be determined at time of trial according to proof.

23        175.   As a result of said defendants' actions, Plaintiff has suffered and will

24    continue to suffer consequential damages in an amount according to proof, including but

25    now limited to, attorney's fees and costs and other time and money spent to recover

26    monies of which it has been deprived.

27    ///

28    ///

## BREACH OF THE IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING
### Count 2

**(Against Defendants RAJINDER ADLAKHA, REENA SONI ADLAKHA as trustee of the PINEWOOD IRREVOCABLE TRUST DATED APRIL 7, 2018, and DOES 1-100, inclusive)**

176.    Plaintiff refers to the whole of the General Allegations above, and by reference incorporates the same herein as if set forth in full hereat.

177.    Defendants RAJINDER SONI ADLAKHA, REENA SONI ADLAKHA, and DOES 1-100, inclusive, and/or each of them (hereafter referred to in this Count 2 of this cause of action as "Defendants"), and/or each of them, sold a business to Plaintiff that generates substantially less revenues than what said defendants' represented. Said defendants had also agreed to remain operating Pronto Laundry until Plaintiff was able to assume business operations; and that they would honor their agreement with Plaintiff to continue operating and managing the property and business, which included an acceptance by said defendants to continue paying all business overhead, keeping the check cashing rotation money in place, as well as the assumption of SBA loan payments by the seller until Plaintiff's was able to take control, and in exchange, said defendants would keep all net profits during this period.

178.    Implied in every contract is a covenant of good faith and fair dealing that neither party will engage in any act or omission that is intended or has the natural tendency to deprive the other party of the full benefits of its bargain. This covenant is implied into the agreement between Plaintiff and Defendants, and imposed upon a duty not to engage in acts or omissions that would frustrate the enjoyment of any of the rights and benefits owed or reasonably expected under their agreement.

179.    By virtue of the relationship between Plaintiff, on the one hand, and Defendants, on the other hand, Plaintiff had placed trust and confidence in Defendants to sell a business to him in conditions as were agreed to, and Defendants were to perform all

39

1    the duties and obligations owed and reasonably expected pursuant to the terms of

2    Plaintiff's agreements with Defendants, and to honor the implied covenant to act in good

3    faith and not to take any action which would unduly or unreasonably impair or harm any

4    rights or benefits owed or reasonably expected under the agreement between Plaintiff and

5    Defendants.

6        180.    Defendants breached the implied covenant of good faith and fair dealing and

7    denied Plaintiff the rights and benefits to which it is entitled or reasonably expected to

8    receive under said agreement by engaging in the aforementioned conduct.

9        181.    This failure to perform by Defendants interfered with and frustrated the

10   purpose of their agreement with Plaintiff and prevented Plaintiff from receiving the

11   benefits reasonably expected under said agreement, and thus frustrated the enjoyment of

12   the benefits and rights conferred upon Plaintiff pursuant to the terms of that agreement.

13       182.    In the alternative, even if and to the extent that Defendants' conduct did not

14   constitute a breach of the express terms of said agreement, said defendants' conduct as

15   alleged herein has unfairly frustrated the agreed common purposes of agreement and has

16   disappointed the reasonable expectations of Plaintiff of the benefits reasonably expected

17   under that agreement.

18       183.    As a proximate result of the breaches of the covenant of good faith and fair

19   dealing inherent in said agreement by Defendants, Plaintiff has been damaged in an

20   amount that will be determined at time of trial according to proof.

21       184.    As a result of said defendants' actions, Plaintiff has suffered and will

22   continue to suffer consequential damages in an amount according to proof, including but

23   now limited to, attorney's fees and costs and other time and money spent to recover

24   monies of which it has been deprived.

25   ///

26   ///

27   ///

28   ///

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1**

## SEVENTH CAUSE OF ACTION

## UNFAIR COMPETITION

### Business and Professions Code §17200

### (Against Defendants HANMI BANK, RAJINDER ADLAKHA, REENA SONI ADLAKHA, as trustee of the PINEWOOD IRREVOCABLE TRUST DATED APRIL 7, 2018, ANDREW CHONG  and DOES 1-100, inclusive)

185.    Plaintiff refers to the whole of the General Allegations above, and by reference incorporates the same herein as if set forth in full hereat.

186.    As alleged in this Complaint, Defendants HANMI BANK, RAJINDER ADLAKHA, REENA SONI ADLAKHA, ANDREW CHONG, and DOES 1 to 100 (collectively referred to in this cause of action as "Defendants"), and/or each of them, engaged in a variety of conduct directed toward Plaintiff that constitutes unlawful, unfair, and fraudulent business practices in violation of California Business & Professions Code § 17200, including, without limitation, violation of California Business & Professions Code §17500 through their intentional concealment of fact, recklessness, gross negligence, and/or utter disregard to the safety of Plaintiff's rights, violations of statute in connection with the sale of the Subject Property and Pronto Laundry.

187.    Plaintiff is informed and believes and thereon alleges that Defendants, and/or each of them, have taken the actions as alleged in throughout this complaint with the intent to defraud and/or injure Plaintiff by acting with intent to conceal material fact, recklessness, gross negligence, and/or utter disregard of Plaintiff as alleged throughout this complaint.

188.    As a direct and proximate result of Defendants' conduct, and/or each of them, as alleged throughout this complaint, Plaintiff has suffered and continues to suffer damages.  Unless enjoined by this court, said defendants will continue to cause great and irreparable injury to others.  Plaintiff has no adequate remedy at law for such actions. Plaintiff therefore requests, pursuant to California Business & Professions Code §17203, that during the pendency of this action, this Court issue a preliminary injunction, and that

41

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1**

1    after trial, this Court issue a permanent injunction, restraining and enjoining Defendants,

2    and/or each of them, and their agents, employees, attorneys and representatives, and

3    anyone acting at their direction or on their behalf from disseminating before the public a

4    circumstance or matter of fact relating to or in connection with any SBA loan.

5          189.    Defendants, and/or each of them, have profited and will, in the future, profit

6    unjustly from their unlawful, unfair and fraudulent business practices.  Accordingly,

7    pursuant to California Business & Professions Code § 17203, Plaintiff seeks an award of

8    restitution and disgorgement of Defendants,' and/or each of them, ill-gotten gains, which

9    were obtained through the wrongful acts described in this complaint.

10          190.    Plaintiff is further entitled to an award of attorneys' fees and costs in

11    prosecuting this action against Defendants, and/or each of them, under California Civil

12    Code § 1021.5 and other applicable statutes because, among other things, a successful

13    outcome in this action will result in the enforcement of important rights affecting the

14    public interest.

15                        **EIGHTH CAUSE OF ACTION**

16                            **CIVIL CONSPIRACY**

17        **(Against Defendants HANMI BANK, RAJINDER ADLAKHA, REENA SONI**

18        **ADLAKHA as trustee of the PINEWOOD IRREVOCABLE TRUST DATED**

19             **APRIL 7, 2018, ANDREW CHONG and DOES 1-100, inclusive)**

20          191.    Plaintiff refers to the whole of the General Allegations above, and by

21    reference incorporates the same herein as if set forth in full hereat.

22          192.    Defendants HANMI BANK, RAJINDER ADLAKHA, REENA SONI

23    ADLAKHA, ANDREW CHONG, and DOES 1 to 100 (collectively referred to in this

24    cause of action as "Defendants"), and/or each of them, knowingly and willfully conspired

25    and agreed among themselves to wrongfully and fraudulently sell the Subject Property

26    and Pronto Laundry to Plaintiff, all to Plaintiff's harm.

27          193.    Defendants did the acts and things herein alleged pursuant to, and in

28    furtherance of, the conspiracy.

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1**

1   194.   As a proximate result of the wrongful acts herein alleged Plaintiff has been
2   generally damaged in the sum of to be determined according to proof at trial.

3   195.   As Defendants did the things herein alleged maliciously and to oppress
4   Plaintiff who is therefore entitled to exemplary or punitive damages in a sum to be
5   determined according to proof at trial.

6                        **NINTH CAUSE OF ACTION**
7                          **DECLARATORY RELIEF**
8            **(Against All Defendants and DOES 1-100, inclusive)**

9   196.   Plaintiff refers to the whole of the General Allegations above, and by
10  reference incorporates the same herein as if set forth in full hereat.

11  197.   There exists an actual controversy relating to the the rights, duties,
12  responsibilities, obligations and liabilities, if any, of the respective parties relating to the
13  sale of the Subject Property and Pronto Laundry, and the agreement(s) entered into by the
14  parties pertaining to said property and business.

15  198.   Under Code of Civil Procedure section 1060, Plaintiff is entitled to a
16  judicial declaration of the rights, duties, responsibilities, obligations, and liabilities, if any,
17  of the respective parties pertaining to the sale of the Subject Property and Pronto Laundry,
18  and the agreement(s) entered into by the parties pertaining to them.

19                        **TENTH CAUSE OF ACTION**
20                             **NEGLIGENCE**
21     **(Against Defendants HANMI BANK, RAJINDER ADLAKHA, REENA SONI**
22      **ADLAKHA, as trustee of the PINEWOOD IRREVOCABLE TRUST DATED**
23           **APRIL 7, 2018, ANDREW CHONG and DOES 1-100, inclusive)**

24  199.   Plaintiff refers to the whole of the General Allegations above, and by
25  reference incorporates the same herein as if set forth in full hereat.

26  200.   It is well-settled under California law that a lender owes a duty of care to a
27  borrower when a commercial lender is an "active participant" in an on-going relationship
28  with a commercial borrower after the loan is funded.  To determine whether a lender is an

<div align="center">

43

**COMPLAINT FOR DAMAGES**
**48**                                    **EXHIBIT 1**

</div>

1    active participant, courts examine six factors (known as the "Biakanja factors") to test

2    whether the lender owed a duty of care to the borrower:

3        • The extent to which the transaction was intended to affect the borrower

4        • The foreseeability of harm to the borrower

5        • The degree of certainty that the borrower suffered injury

6        • The closeness of the connection between the lender's conduct and harm to

7           the borrower

8        • The moral blame attached to the defendant's conduct

9        • The policy of preventing future harm

10       201.   The facts alleged by Plaintiff throughout this Complaint demonstrate how

11   Defendants HANMI BANK, RAJINDER ADLAKHA, REENA SONI ADLAKHA,

12   ANDREW CHONG, and DOES 1 to 100 (collectively referred to in this cause of action as

13   "Defendants"), and/or each of them, shared a close connection with Plaintiff, and all

14   worked in conjunction with him, as they guided and assisted Plaintiff at each step of the

15   purchase of the Subject Property and Pronto Laundry—to such an extent, that said

16   defendants were involved in every aspect of the sale and had personal knowledge of how

17   heavily reliant Plaintiff was on Defendants, of the trust he placed in them, in making a

18   purchase of over two million dollars, which entailed a years-long debt to a bank secured

19   by Plaintiff's own personal residence.

20       202.   Defendants were fully aware of the risks Plaintiff was undertaking in

21   making such a significant purchase, and willingly assumed their positions that went

22   beyond mere sellers or lenders in an arms-length transaction.  As such, Defendants owed

23   Plaintiff a duty of care.

24       203.   As a result of their respective positions as commercial lenders, agents and/or

25   sellers in the specific sale of the Subject Property and Pronto Laundry, Defendants owed

26   Plaintiff a duty to take reasonable care to and to provide Plaintiff with adequate, fair and

27   competent assistance, advice, counsel and disclosure of information.

28       204.   Defendants owed the obligation to exercise reasonable skill, care and due

44

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1**

1   diligence in carrying out their duties and are expected to act in the best interest of

2   Plaintiff, a vulnerable borrower who placed his trust in them, and relied on them.  Thus,

3   Defendants are expected to exercise a level of skill and care, which is the standard for the

4   kind of work involved.

5   205.   As alleged herein, Defendants breached their respective duties by, among

6   other things, inducing Plaintiff into purchasing the Subject Property and Pronto Laundry,

7   while having made the following misrepresentations (or concealments) of fact:

8   (1)   that Pronto Laundry occupied less than 51% of the Subject Property, but

9   caused Plaintiff to believe that the business occupied at least 51% of the square footage of

10   the property, and thus the Subject Property qualified for an SBA loan;

11   (2)   that the property is not qualified for such loan—despite having received the

12   SBA loan—and that potential future buyers will not be eligible for such an SBA loan

13   should Plaintiff elect to sell the property in the future;

14   (3)   that the revenues generated by the Subject Property and Pronto Laundry are

15   insufficient to satisfy a DSCR of 1.15 as required by Defendant SBA;

16   (4)   that Defendant RAJINDER ADLAKHA and Defendant REENA SONI

17   ADLAKHA had always intended abandon Pronto Laundry before Plaintiff was able to

18   assume business operations;

19   (6)   that Defendant RAJINDER ADLAKHA and Defendant REENA SONI

20   ADLAKHA were not going to continue paying all business overhead, keeping the check

21   cashing rotation money in place, as well as the assumption of SBA loan payments by the

22   seller until Plaintiff's was able to take control;

23   (7)   the existence of substantial roof damage, plumbing, electrical and structural

24   damage on the Subject Property;

25   (8)   that the rent increase from the 7-Eleven tenant would not take effect until

26   March 2021;

27   (9)   that a business appraisal report was not furnished to Plaintiff prior to closing

28   of the loan despite the terms of Plaintiff's SBA loan application that require that an

45

**COMPLAINT FOR DAMAGES**

**50**                                              **EXHIBIT 1**

1   appraisal report be furnished at least 3 days prior to loan closing, but said the report was

2   provided to Plaintiff only after the closing of escrow;

3         (10)   that the 2017 financial statement for Pronto Laundry contained false and

4   inaccurate earnings by Pronto Laundry, and omitted other material information relating to

5   business operations and revenue collections;

6         (11)   that Plaintiff never actually purchased the check cashing component of

7   Pronto Laundry, as this is an actual separate business and the actual owner is Adlakha and

8   Adlakha, Inc.;

9         (12)   that the actual square footage occupied by Pronto Laundry is 308 square feet

10   less than the 2244 square feet that was represented to Plaintiff;

11         (13)   certain business expenses of Pronto Laundry were hidden from Plaintiff,

12   while revenues were overstated;

13         207.   As a direct and proximate result of Defendants' negligence, Plaintiff has

14   been damaged in a sum to be determined at trial according to proof.

15                 **ELEVENTH CAUSE OF ACTION**

16                 **BREACH OF FIDUCIARY DUTY**

17   **(Against Defendants HANMI BANK, RAJINDER ADLAKHA, REENA SONI**

18   **ADLAKHA as trustee of the PINEWOOD IRREVOCABLE TRUST DATED**

19   **APRIL 7, 2018, ANDREW CHONG and DOES 1-100, inclusive)**

20         208.   Plaintiff hereby incorporates by reference herein all preceding allegations as

21   though fully set forth hereat.

22         209.   At all times relevant, Defendants HANMI BANK, RAJINDER ADLAKHA,

23   REENA SONI ADLAKHA, ANDREW CHONG, and DOES 1 to 100 (collectively

24   referred to in this cause of action as "Defendants"), and/or each of them, owed fiduciary

25   duties to Plaintiff by virtue of the trust reposed on them by Plaintiff, and the special

26   relationship that was formed between Plaintiff and Defendants, which arose from a close

27   connection with Plaintiff in which Defendants worked in conjunction with him by guiding

28   and assisting Plaintiff at each step of the purchase of the Subject Property and Pronto

**COMPLAINT FOR DAMAGES**

                    **EXHIBIT 1**

1    Laundry—to such an extent, that said defendants were involved in every aspect of the sale

2    and had personal knowledge of how heavily reliant Plaintiff was on Defendants, and of

3    the trust he placed in them in making a purchase of over two million dollars, which

4    entailed a years-long debt to a bank secured by Plaintiff's own personal residence.

5         210.    As such Defendants became Plaintiff's fiduciaries.

6         211.    Defendants' fiduciary duties to Plaintiff included a duty of utmost loyalty,

7    good faith, and candor.  As fiduciaries, Defendants had a duty to refrain from taking

8    actions detrimental to Plaintiff's financial and other interests.

9         212.    As a result of the acts alleged herein in connection with the sale of the

10    Subject Property and Pronto Laundry, Defendants did not act in Plaintiff's best interests.

11    In so committing the misconduct and malfeasance described above, Defendants breached

12    their fiduciary obligations owed to Plaintiff, thereby causing damages to Plaintiff in a sum

13    to be determined at trial according to proof.

14         213.    The aforementioned conduct of Defendants was an intentional

15    misrepresentation, deceit, and concealment of material facts known to said Defendants

16    with intent to deprive Plaintiff of property or legal rights or otherwise causing injury.

17    Also, such acts as described herein is despicable conduct that subjected Plaintiff to cruel

18    and unjust hardship, and Defendants engaged in such conduct in conscious disregard of

19    Plaintiff's rights so as to justify an award of exemplary and punitive damages, pursuant to

20    California Civil Code section 3294, appropriate to punish said Defendants and to deter

21    others from engaging in similar conduct.

22                               **TWELFTH CAUSE OF ACTION**

23                                    **CONVERSION**

24    **(Against Defendants RAJINDER ADLAKHA, REENA SONI ADLAKHA as trustee**

25       **of the PINEWOOD  IRREVOCABLE TRUST DATED APRIL 7, 2018,**

26                     **and DOES 1-100, inclusive)**

27         214.    Plaintiff hereby incorporates by reference herein all preceding allegations as

28    though fully set forth hereat.

                   **EXHIBIT 1**

215.   Plaintiff is informed and believes and thereon alleges that at all times relevant, Defendants RAJINDER ADLAKHA, REENA SONI ADLAKHA, and DOES 1 to 100 (collectively referred to in this cause of action as "Defendants"), and each of them, intentionally and wrongfully transferred funds belonging to Plaintiff in an amount believed to be in excess of $30,000.00 into their own possession for their own use, which Defendants wrongfully obtained from Subject Property rents and Pronto Laundry revenues.

216.   Plaintiff is informed and believes and thereon alleges that Defendants have misappropriated the above-referenced funds for their own unauthorized use.

217.   Plaintiff never consented to the taking of those funds.

218.   As a proximate result of Defendants' wrongful conversion of Plaintiff's monies, Defendants should be required to disgorge any profits made from its activities, including the imposition of a constructive trust on all the monies in his possession which were wrongfully obtained from funds owing to Plaintiff.

219.   As a further result of Defendant's oppressive, intentional wrongful conduct, a substantial award of exemplary and punitive damages should be imposed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against the defendants as follows:

**As to the First Cause of Action for Fraud—Concealment:**

1.   For an award of general damages in an amount according to proof at trial;

2.   For an award of consequential damages according to proof at trial;

3.   For an award of punitive damages;

**As to the Second Cause of Action for Fraud—Intentional Misrepresentation of Fact:**

4.   For an award of general damages in an amount according to proof at trial;

5.   For an award of consequential damages according to proof at trial;

6.   For an award of punitive damages;

///

48

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1**

**As to the Third Cause of Action for Negligent Misrepresentation:**

7.   For an award of general damages in an amount according to proof at trial;

8.   For an award of consequential damages according to proof at trial;

9.   For an award of punitive damages;

**As to the Fourth Cause of Action for Breach of Contract:**

10.   For an award of general damages in an amount according to proof at trial;

11.   For an award of consequential damages according to proof at trial;

12.   For recovery of reasonable attorney's fees;

**As to the Fifth Cause of Action for Tortious Breach of Contract:**

13.   For an award of general damages in an amount according to proof at trial;

14.   For an award of consequential damages according to proof at trial;

15.   For an award of punitive damages;

**As to the Sixth Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing:**

16.   For an award of general damages in an amount according to proof at trial;

17.   For an award of consequential damages according to proof at trial;

**As to the Seventh Cause of Action for Unfair Competition:**

18.   For an award of statutory damages, penalties, interest;

19.   For an award of general and special damages in an amount to be proven at trial;

20.   For an award of punitive damages;

21.   For an order requiring defendants, and each of them, to show cause, if any they have, why they should not be enjoined during the pendency of this action;

22.   For an award of statutory treble damages in the amount to be determined at trial;

23.   For an award of reasonable attorney's fees in the amount to be determined at trial;

49

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1**

1    **As to the Eighth Cause of Action for Civil Conspiracy:**

2    24.    For an award of general damages in an amount according to proof at trial;

3    25.    For an award of consequential damages according to proof at trial;

4    26.    For an award of punitive damages;

5    **As to the Ninth Cause of Action for Declaratory Relief:**

6    27.    For a judicial determination of the respective rights and interests between

7    the parties in relation to the sale of the Subject Property and Pronto Laundry, and the

8    agreement(s) entered into by the parties.

9    28.    For entry of judgment according to the declaratory relief sought by Plaintiff;

10    **As to the Tenth Cause of Action for Negligence:**

11    30.    For an award of general damages in an amount according to proof at trial;

12    31.    For an award of consequential damages according to proof at trial;

13    For an award of punitive damages;

14    **As to the Eleventh Cause of Action for Breach of Fiduciary Duty:**

15    31.    For an award of general damages in an amount according to proof at trial;

16    32.    For an award of consequential damages according to proof at trial;

17    33.    For an award of punitive damages;

18    **As to the Twelfth Cause of Action for Breach of Conversion:**

19    34.    For an award of general damages in an amount according to proof at trial;

20    35.    For an award of consequential damages according to proof at trial;

21    36.    For an award of punitive damages;

22    **As to All Causes of Action:**

23    37.    For an award of costs of suit;

24    38.    For an award of prejudgment interest;

25    39.    For an award of reasonable attorney's fees; and

26    ///

27    ///

28

50

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1**

1        40.    For further relief as the Court may deem just and proper;

2
3   DATED: June 17, 2020           FLORES LAW, APLC

4
5                            By: _____
                               ALDO A. FLORES
6                                  Attorney for Plaintiff SUKHDEV VASISHT

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28